**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
**RICHARD HARBUS,**  Civ. Action No. 7:18-CV-8230-VLB

      **Plaintiff,**

  -against-  **DEFENDANT'S ANSWER**
        **TO COMPLAINT**

**EXCLUSIVE TESTING LABS INC.,**

      **Defendant.**  **JURY TRIAL DEMANDED**
-------------------------------------------------------X

Defendant Exclusive Testing Labs, Inc. ("Defendant"), by its attorneys, The Feldman Law Group, P.C., files this Answer and Affirmative Defenses to Plaintiff's Complaint (the "COMPLAINT") as follows:

## ANSWER

Unless specifically admitted, Defendant denies each factual allegation set forth in the COMPLAINT.

## NATURE OF THE ACTION

1.    Defendant admits that Plaintiff purports to bring this action under the United Sates Copyright Act and the Digital Millennium Copyright Act, denies the factual allegations contained in Paragraph 1 of the COMPLAINT, and otherwise states that it contains conclusion of law to which no response is required.

## JURISDICATION AND VENUE

2.    Defendant states that the allegations contained in Paragraph 2 of the COMPLAINT constitute conclusions of law to which no response is required.

3. Defendant admits that it maintains an office within this judicial district and otherwise states that the allegations contained in Paragraph 3 of the COMPLAINT constitute conclusions of law to which no response is required.

4. Defendant states that the allegations contained in Paragraph 4 of the COMPLAINT constitute conclusions of law to which no response is required.

## PARTIES

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the COMPLAINT.

6. Defendant admits the allegations contained in Paragraph 6 of the COMPLAINT, except denies that it operates the "Website" referred to therein.

## STATEMENT OF FACTS

### A. Background and Plaintiff's Ownership of the Photograph

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the COMPLAINT.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the COMPLAINT.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the COMPLAINT.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the COMPLAINT.

### B. Defendant's [alleged] Infringing Activities

11. Defendant denies the allegations contained in Paragraph 11 of the COMPLAINT, except admits that an apparent printout from the "About Us" section of the Website dated September 10, 2018 is annexed to the Complaint as Exhibit D.

12. In response to Paragraph 12 of the COMPLAINT, Defendant admits that it did not obtain a written license from Plaintiff in connection with the Website, states that the allegations contained therein constitute conclusions of law to which no response is required, and otherwise denies the allegations contained in Paragraph 12 of the COMPLAINT.

### FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)
### (17 U.S.C. §§ 106, 501)

13. In response to Paragraph 13 of the COMPLAINT, Defendant incorporates its prior responses to Paragraphs 1 through 12 as if fully set forth herein.

14. In response to Paragraph 14 of the COMPLAINT, Defendant states that the allegations contained therein constitute conclusions of law to which no response is required, and otherwise denies the allegations contained in Paragraph 14 of the COMPLAINT.

15. In response to Paragraph 15 of the COMPLAINT, Defendant states that the allegations contained therein constitute conclusions of law to which no response is required, and otherwise denies the allegations contained in Paragraph 15 of the COMPLAINT.

16. In response to Paragraph 16 of the COMPLAINT, Defendant states that the allegations contained therein constitute conclusions of law to which no response is required, and otherwise denies the allegations contained in Paragraph 16 of the COMPLAINT.

17. In response to Paragraph 17 of the COMPLAINT, Defendant states that the allegations contained therein constitute conclusions of law to which no response is required, and otherwise denies the allegations contained in Paragraph 17 of the COMPLAINT.

### SECOND CLAIM FOR RELIEF

## (INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT)
## (17 U.S.C. § 1202)

18. In response to Paragraph 18 of the COMPLAINT, Defendant incorporates its prior responses to Paragraphs 1 through 17 as if fully set forth herein.

19. Defendant denies the allegations contained in Paragraph 19 of the COMPLAINT.

20. Defendant denies allegations contained in Paragraph 20 of the COMPLAINT.

21. Defendant denies the allegations contained in Paragraph 21 of the COMPLAINT.

22. Defendant denies the allegations contained in Paragraph 22 of the COMPLAINT.

23. Defendant denies the allegations contained in Paragraph 23 of the COMPLAINT.

24. Defendant denies the allegations contained in Paragraph 24 of the COMPLAINT.

25. Defendant denies the allegations contained in Paragraph 25 of the COMPLAINT.

## AFFIRMATIVE DEFENSES

Defendant denies that it is liable to Plaintiff on any of the claims alleged and denies that Plaintiff is entitled to damages, statutory damages, equitable relief, attorneys' fees, costs, pre-judgment interest or to any relief whatsoever against Defendant, and state the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

The COMPLAINT fails, in whole or in part, to state a claim against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by reason of the doctrine of fair use.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because any alleged use of Plaintiff's photograph was *de minimus*.

### FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims seek an award of statutory damages or attorneys' fees, they are barred by 17 U.S.C. § 412.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by reason of applicable statutes of limitation, including, but not limited to, 17 U.S.C. § 507(b).

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendants did not copy any purported constituent original and protectable elements of the alleged work of Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the injuries, damages, or losses alleged, if any exist, are the direct and proximate result of the acts or omissions of persons or entities other than the Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because it, though under an affirmative duty to do so, failed and neglected to mitigate its alleged damages, if any, and cannot recover against Defendant, whether as alleged or otherwise.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part due to its acquiescence.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part due to the doctrines of waiver and/or estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff's photograph does not contain any original expression allegedly copied by Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because of Plaintiff's unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant has acted in good faith and with innocent intent.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant did not knowingly or willfully engage in any of the conduct alleged in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

## PRAYER FOR RELIEF AS TO THE COMPLAINT

**WHEREFORE**, Defendant demands a jury trial and prays for judgment as follows:

1. That the COMPLAINT be dismissed with prejudice;

2.  That Plaintiff take nothing by the COMPLAINT and that judgment be rendered in favor of Defendant;

3.  That Plaintiff be ordered to pay Defendant its attorneys' fees and costs incurred in defending this action; and,

4.  That Defendant be awarded such other and further relief as the Court deems necessary, just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant demands a trial by jury in this action, including all counts of the COMPLAINT, the Answer and Affirmative Defenses, of all issues so triable.

Dated: November 2, 2018
      New York, NY

                                       FELDMAN LAW GROUP, P.C.

                                       By: /S/Jonathan J. Ross
                                       Jonathan J. Ross
                                       FELDMAN LAW GROUP, P.C.
                                       220 East 42nd Street, Suite 3304
                                       New York NY 10017
                                       Tel: 212-532-8585
                                       jross@feldman-law.com

                                       *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TO THE COMPLAINT** was served through the Court's ECF filing system upon counsel of record for all parties this 2nd day of November 2018.

/S/ Jonathan J. Ross
Jonathan J. Ross